REQUESTED BY: Senator Harry B. Chronister Nebraska State Legislature State Capitol Lincoln, Nebraska 685098
Dear Senator Chronister:
This is in response to your letter of July 2, 1984, in which you are seeking an opinion as to the application of the definition of a fertilizer trailer as found in Neb.Rev.Stat. § 60-301(22) (Reissue 1978) to a piece of equipment which you refer to as a `tool bar.'
The equipment in question is designed to be used in the fields behind a tractor and is not designed for operation over the highways of the state. This piece of equipment, according to our understanding, performs two functions. It first loosens or cultivates the soil, eliminating the necessity of using a cultivator, and also applies fertilizer. While this piece of equipment may have a small tank mounted on top of it, the fertilizer is primarily supplied by a nurse tank pulled behind this piece of equipment. It is not designed or used to transport fertilizer to and from the fields. It is also our understanding that this piece of equipment is sometimes used solely for the purpose of cultivation without any application of fertilizer.
The piece of equipment is not a motor vehicle as that term is defined in Neb.Rev.Stat. § 60-301(1) (Reissue 1978) or a trailer as that definition is set forth in Neb.Rev.Stat. § 60-301(4) (Reissue 1978), and is thus not required to be registered as such under the terms of Neb.Rev.Stat. § 60-302 (Reissue 1978). The only question is whether or not this piece of equipment is a fertilizer trailer as defined in Neb.Rev.Stat. § 60-301(22) (Reissue 1978), and is thus required to be registered as such under the terms of Neb.Rev.Stat. § 60-332 (Reissue 1978).
Section 60-301(22) provides as follows:
 Fertilizer trailer shall mean any trailer designed and used exclusively to carry or apply agricultural fertilizer and having a gross weight including load thereon of twenty thousand pounds or less, which trailers shall carry on their license plate in addition to the registration number, the letter X; . . .
While upon first glance it might appear that this piece of equipment does fall within the terms of this definition, it is also fairly certain that the definition was never intended to apply to this type of field equipment. The definition only applies, however, to equipment `designed and used exclusively to carry or apply agricultural fertilizer.' As indicated, this equipment serves a dual function, not only the application of fertilizer, but also that of cultivation. Thus it would not fall within the strict terms of the definition, and thus is not required to be registered as a fertilizer trailer. As an aside, serious consideration should be given to the amendment of this particular definition to avoid such difficulties in the future.
Sincerely, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General